**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | |
|---|---|
| MERCHANTS BONDING COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:10-CV-04095-NKL |
| | ) |
| JANICE P. NOLAND, | ) |
| | ) |
| and | ) |
| | ) |
| NOLAND & ASSOCIATES, P.C., a/k/a/ | ) |
| NOLAND LAW OFFICE | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Merchants Bonding Company ("Merchants") paid $200,000.00 to the Estate of Fay Miller ("Estate") pursuant to a surety bond that Merchants issued to cover the conduct of the Estate's conservator, Jack L. Jones ("Jones"). Merchants has now sued Janice P. Noland and Noland & Associates, P.C. (Collectively "Defendants") claiming that they are liable for legal negligence to the Estate and Jones and that negligence is the reason Merchants was required to pay $200,000.00 on its surety bond. In its complaint, Merchants states that its claim is for non-contractual indemnity (Count I) and contribution (Count II). In its briefing, Merchants suggests that its claim should also be characterized as one for subrogation and legal malpractice. Before the Court is a motion to dismiss filed by Defendants [Doc. # 9]. For the following reasons, the Court grants the Motion to Dismiss.

1

**I. Background**

The following facts are taken from Merchant's Complaint [Doc. # 1] and are assumed true for purposes of this motion to dismiss.

The Circuit Court of Camden County, Probate Division ("Probate Court"), appointed Jones the conservator of the Estate on or about January 18, 1994, in case number 26P149300166. On or about January 19, 1994, Merchants issued surety bond No. MO5326 in the amount of $250,000.00 as surety that Jones would faithfully administer his duties as conservator of the Estate. Defendants represented both Jones and the Estate before the Probate Court from at least 1993 through May 2006. On or about July 14, 2006, the Probate Court removed Jones as conservator of the Estate for failing to faithfully administer his duties. John E. Curran was appointed the successor conservator of the Estate.

On May 21, 2008, the successor conservator filed a Petition against Jones and Merchants, as surety for Jones, and alleged that Jones failed to faithfully administer the Estate and failed to account for, pay, and deliver all money and property of the Estate. The successor conservator sued Merchants for $366,807.00. On or about July 9, 2009, Merchants, as surety for Jones, settled the Estate's claims for the sum of $200,000.00 and incurred attorneys' fees and expenses. The settlement was approved by the Probate Court on July 14, 2009. The Estate was closed on or about October 29, 2009.

Merchants charges that as attorney for Jones and the Estate, Defendants were liable to the Estate for professional legal negligence and that Defendants' malpractice caused Merchants to pay the Estate $200,000.00 on its surety bond and incur significant attorneys'

fees, costs, and expenses. Merchants now seeks to recover from Defendants the $200,000.00 it paid on its surety bond and the cost of its litigation.

## II. Discussion

On a motion to dismiss, the Court construes the complaint liberally, in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must present "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of a short and plain statement is to provide defendants with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citation omitted). To satisfy this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). On a motion to dismiss, a court's evaluation of a plaintiff's complaint is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

### A. Non-contractual Indemnity

In Count I of the Complaint, Plaintiff seeks to recover under a theory of non-contractual indemnity. [Doc. # 1 at 5.] To prove a claim for non-contractual indemnity, a plaintiff must show:

> (1) "the discharge of an obligation by the plaintiff"; (2) "the obligation discharged by the plaintiff is identical to an obligation owed by the defendant"; and (3) "the discharge of the obligation by the plaintiff is under such

3

circumstances that the obligation should have been discharged by the defendant, and defendant will be unjustly enriched if the defendant does not reimburse the plaintiff to the extent that the defendant's liability has been discharged."

*Beeler v. Martin*, 306 S.W.3d 108, 111 (Mo. Ct. App. 2010) (citing 35 Robert H. Dierker & Richard J. Mehan, *Missouri Practice: Contracts, Equity, and Statutory Actions Handbook* § 41:2 (2009)).

Duties are not "identical or coextensive" when "the underlying basis" for the duties differ. *Global Petromarine v. G.T. Sales & Mfg., Inc.*, 577 F.3d 839, 846 (8th Cir. 2009) (quoting *State ex rel. Manchester Ins. & Indem. Co. v. Moss*, 522 S.W.2d 772, 774 (Mo. 1975) (en banc)). In *State ex. rel Manchester Ins. & Indem. Co. v. Moss*, 522 S.W.2d 772 (Mo. 1975), the Missouri Supreme Court held that an insurance company's duty to its insured driver arises from a contract and is not identical to the obligation of an uninsured driver to properly operate his vehicle.

> "[A]lthough the defendant motorist's negligence may have precipitated the insurer's liability to the insured plaintiff, the insurer's payments to the insured were 'separate and distinct from the obligations owed by an uninsured defendant.' The insurer's obligation to the plaintiff arose out of its contract of insurance with the plaintiff and thus was not co-extensive with the duty owed to plaintiff by the uninsured defendant which arose out of the latter's negligence."

*City of St. Joseph v. Kaw Valley Tunneling, Inc.*, 660 S.W.2d 26, 31 (Mo. App. 1983) (quoting and discussing *Manchester*, 522 S.W.2d at 774-75).

Here, too, Merchants' duties were not identical or coextensive with Defendants' duties to their client, Jones and the Estate. Merchants' duty to Jones and the Estate arose from its surety

4

contract with Jones. Even if Defendants' alleged professional legal negligence may have triggered Merchants' liability on behalf of Jones, any payment under the surety contract would not in any way discharge Defendants' duty of care to their client. Because Merchants' and Defendants' duties do not share the same underlying basis, and thus are not identical or coextensive, Merchants fails to allege facts sufficient to meet the requirements for a claim of non-contractual indemnity.

B.    **Contribution**

In Count II of the Complaint, Plaintiff seeks to recover under a theory of contribution. [Doc. # 1 at 7.] "The two primary requisites of the right to contribution are that first, the party seeking contribution and the party from whom it is being sought share a common liability or burden, and second, that the party seeking contribution has discharged more than his fair share of that common liability or burden." *SSM Health Care St. Louis v. Radiologic Imaging Consultants, LLP*, 128 S.W.3d 534 (Mo. Ct. App. 2003). "What is key is that the action for contribution 'accrues from the existence of a joint obligation on a liability shared by tortfeasors.'" *McNeill Trucking Co. v. Mo. State Highway & Transp. Comm'n*, 35 S.W.3d 846, 849 (Mo. 2001).

While Defendants are alleged tortfeasors, Merchants is not. Merchants' duty to Jones and the Estate arises from its surety contract with Jones, but Defendants' duty arises from an attorney-client relationship with Jones and the Estate. Merchants has not alleged that it, too, is a tortfeasor or that its settlement with the Estate resulted from an obligation other than the surety contract. Without demonstrating "common liability," a cause for contribution cannot lie.

## C. Professional Legal Negligence

In its opposition to Defendants' Motion to Dismiss, Merchants argues that its Complaint "sufficiently sates a legal basis for [Merchants] to recover against Defendants for legal malpractice." [Doc. # 22 at 5.] It is undisputed, however, that Merchants was not the Defendants' client. Thus, Merchants can recover for legal malpractice from Defendants only if it avers and proves that Jones or the Estate retained Defendants with the specific intent to benefit Merchants. *See Donahue v. Shughart, Thomson & Kilroy, P.C.*, 900 S.W.2d 624, 628-29 (Mo. 1995).

Merchants has not plead such an intent and it is not plausible given the facts alleged by Merchants that the legal advice sought by the Estate or Jones was intended to benefit Merchants. At best, the Defendants' legal advice had an incidental impact, causing the conditions of the surety bond to be triggered.

In its motion in opposition, Merchants discussed five of six factors that the Missouri Supreme Court identified in *Donahue* to determine a lawyer's legal duty to a nonclient. But the Missouri Supreme Court in *Donahue* indicated that a legal negligence action can only be brought by a nonclient if the client specifically intended the nonclient to be the beneficiary of the services. If that condition is met, then the court weighs the *Donahue* factors to determine whether a legal duty should be found. *See Donahue*, 900 S.W.2d at 628-29 (stating that the factors are a "separate matter" from the first element of a legal malpractice action). Thus, proof of specific intent is a condition precedent and the six factors need not

6

be weighed until specific intent is established.[1]

Because Merchants has failed to plead a plausible legal negligence claim, it is dismissed with prejudice.

### D. Equitable Subrogation

Merchants first mentions a cause of action against Defendants for equitable subrogation in its Suggestion in Opposition to Defendants' Motion to Dismiss [Doc. # 22 at 8]. Although not specifically plead, the Court examines the nature and viability of this claim in light of the facts alleged by Plaintiff.

In *Metmor Fin. v. Landoll Corp.*, 976 S.W.2d 454, 461 (Mo. Ct. App. 1998) (internal quotation omitted), the court held that subrogation is a drastic remedy.

> Originally a common law doctrine, subrogation has as its aim the advancement of justice and prevention of injustice. Subrogation compels the ultimate payment of a debt by one who, in justice, equity and good conscience, should pay it. Although available, subrogation is a fairly drastic remedy and is usually allowed only in extreme cases bordering on if not reaching the level of fraud.

No Missouri court has ever found equitable subrogation in favor of a surety who seeks to recover for legal malpractice by its principal's attorney. The only identified case which has directly addressed the issue found that subrogation was not permitted. See *Capitol Indem. Corp. v. Fleming*, 203 Ariz. 589, 58 P.3d 965 (Ariz. App. 2002). The Arizona court reasoned

---

[1] It appears that the Missouri Supreme Court included the specific intent requirement as both a condition precedent and as a balancing factor to make it clear that the intent of the client is of primary importance. Without it, there is no claim. But, even if established, it can be outweighed by the five remaining factors but must be given primary consideration in the balancing process.

that the public policy arguments against assignment of legal malpractice claims were equally applicable to subrogation claims because they were practical equivalents. This Court agrees and concludes that Missouri, when confronted with the question, will adopt the reasoning of the *Capitol* case. *Also see St. Paul Surplus Lines Ins. Co. v. Remley*, 2009 WL 2070779 (E.D. Mo. July 13, 2009) (finding that excess insurance carrier could not be equitably subrogated on a legal malpractice claim owned by primary insurance carrier or the insured).

While Merchants cites to *Kroeker v. State Farm Mut. Auto. Ins. Co.*, 466 S.W.2d 105, 110 (Mo. Ct. App. 1971), to support its equitable subrogation claim, that case discussed the right of subrogation only in the context of an applicable statute. *Id.* Further, since that case, the Missouri Supreme Court has said that "[a]s the doctrine of equitable subrogation developed in Missouri, it became known as 'a fairly drastic remedy . . . usually allowed only in extreme cases bordering on if not reaching the level of fraud." *Ethridge v. Tierone Bank*, 226 S.W.3d 127, 134 (Mo. 2007) (en banc) (citing *Thompson v. Chase Manhattan Mortg. Corp.*, 90 S.W.3d 194, 206 (Mo. Ct. App. 2002)). Merchants has not alleged, or even suggested, that the actions of Defendants were fraudulent or bordered on fraud. Instead, Plaintiff has contended only that Defendants were "liable to the Estate for professional legal negligence." [Doc. # 1, ¶ 19.] Because Merchants has not stated a plausible claim for equitable subrogation, Defendants' motion must be granted.

**III. Conclusion**

Accordingly, it is hereby ORDERED that Defendant Janice P. Noland's and Defendant Noland & Associates, P.C.'s Motion to Dismiss [Doc. # 9] is GRANTED.

                                             s/ Nanette K. Laughrey
                                             NANETTE K. LAUGHREY
                                             United States District Judge

Dated: September 7, 2010
Jefferson City, Missouri